UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES L. BLAYLOCK,

    Plaintiff,                       Case No. 2:22-cv-10831
                                    Honorable Sean F. Cox
v.                                    Mag. J. Kimberly G. Altman

SGT. ADAMS,

    Defendant.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

Plaintiff James L. Blaylock, currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that his due process rights were violated when he was not informed of disciplinary charges against him and when he was held in administrative segregation for over 100 days. (ECF No. 1, PageID.3.) Plaintiff named as defendants Sgt. Adams (first name unknown); the St. Louis Correctional Facility; the Michigan Department of Corrections (MDOC); and the Rehearing Administrator at the MDOC's Office of Legal Affairs, identified in an exhibit to the complaint as Richard Russell. (*See* ECF No. 1-1, PageID.16.)

Plaintiff originally filed his complaint in the Federal District Court for the Western District of Michigan. However, as the events complained of occurred at St. Louis Correctional Facility (SLF) which is within the Eastern District, the case was transferred to this Court. The order of transfer dismissed defendants SLF, the

MDOC, and the Rehearing Administrator for Plaintiff's failure to state a claim against them. (*See* Order, ECF No. 3.)

For the reasons stated below, the Court will dismiss without prejudice Plaintiff's claim of being wrongly held in segregation. Plaintiff's claims against Defendant Adams may go forward.

## I. Background

On July 14, 2021, Plaintiff received four misconduct tickets. One was a class II misconduct for disobeying a direct order. After a July 23 hearing, the charge was dismissed because reviewing officer and defendant Sgt. Adams failed to provide notice of the ticket as required by the MDOC Hearings Handbook; Adams neither provided written notice nor read the ticket to Plaintiff. (ECF No. 1-1, PageID.9.) On the same day and for the same reason (lack of notice), an administrative law judge found Plaintiff not guilty of a class I misconduct ticket for assault and battery of a "Staff Victim." (*Id.* at PageID.12.) ALJ Fleming also relied on the requirements of the MDOC Hearings Handbook in determining that written notice of the charges against him permits a prisoner to prepare a defense, and that Plaintiff had not received notice of the charge against him. (*Id.*)

The day before, on July 22, a different administrative law judge held a hearing on two other Class I misconduct tickets against Plaintiff, for threatening behavior and assault and battery on a staff member. (*Id.* at PageID.18-19.) ALJ

2

O'Brien found Plaintiff guilty in both; and imposed a total of twenty days of detention to be served through August 11, 2021, as well as thirty days loss of privileges. (*Id.*) Unlike the other two hearing officers, O'Brien did not believe Plaintiff's account of not having received notice of the charges against him. (*Id.*)

Plaintiff filed a grievance against Sgt. Adams, the reviewing officer who should have provided notice of the charges, for violating his due process rights. (*Id.* at PageID.13.) The grievance was denied at all levels. (*Id.* at 14-17.) However, the Step II appeal response acknowledged that two hearing officers found Adams had not reviewed the tickets with Plaintiffs as he stated he had. (*Id.* at PageID.15.)

Plaintiff also alleges he served over 100 days in segregation, from July 23 to November 3, 2021. (ECF No. 1, PageID.3.) This is over eighty days longer than the twenty days imposed as a result of the guilty findings on two of the four misconduct tickets. Plaintiff does not allege specifically who was responsible for the extension of his time in segregation, nor does he explain any institutional justification for that additional time. He only states that he "wanted to be released from segregation once the facility realized [his] rights w[ere] violated," but "[t]hey kept me in segregation for over 100 days . . ." (*Id.*) Plaintiff claims he suffered mental and emotional distress. He seeks money damages, including compensatory and punitive damages, for those injuries, as well as injunctive relief and treatment for his mental anguish and distress. (*Id.* at PageID.5.)

## II. Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss *sua sponte* an *in forma pauperis* complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6), as clarified by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678)).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

4

*Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts need not "accept as true a legal conclusion couched as a factual allegation[,]" and any "naked assertion[s]" require "further factual enhancement" to comply with Rule 8(a). *Id*. at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 570).

A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Such a complaint "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). In addition, the plaintiff must allege

that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)).

### III. Discussion

#### A. Extension of Plaintiff's time in segregation without due process

Plaintiff claims he was injured when he was held in segregation for over one hundred days. Although Plaintiff wrote grievances and kites to everyone from sergeants up to the warden regarding the situation, Plaintiff does not specifically name any defendants responsible for his stay in segregation beyond the twenty days imposed by the ALJ for two Class I misconducts. Plaintiff only says that "[t]hey left me in segregation for over 100 days . . ." (ECF No. 1, PageID.3.)

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. *Id*. at 484. Courts must evaluate whether segregation constitutes "'an atypical and significant' hardship on the inmate in relation to the ordinary incidents of prison life." *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (citing *Sandin*, 515 U.S. at 483)-); *see also Powell v. Washington*, 720 F. App'x 222, 226 (6th Cir. 2017). In general, courts evaluate "the nature and duration of a stay in segregation" to determine whether it meets the "atypical and significant" standard. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th

Cir. 2010) (citing *Harden–Bey v. Rutter*, 524 F.3d 789, 793 (6th Cir. 2008)).

Conditions of confinement is a factor courts assess to determine whether placement in segregation represents a hardship of constitutional magnitude. *Powell*, 720 F. App'x at 226. A recent Sixth Circuit decision recognized that segregation more severely affects inmates with existing mental illness and cautions that assessments of solitary confinement should consider the mental health of the individual, "recognizing the 'growing consensus' that solitary confinement 'can cause severe and traumatic psychological damage . . .'" *J.H. v. Williamson Cty., Tennessee*, 951 F.3d 709, 719 (6th Cir. 2020), *cert. denied sub nom. J. H. v. Williamson Cty., TN*, No. 20-353, 2020 WL 6701106 (U.S. Nov. 16, 2020) (quoting *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017)). The court noted further that "not a single study of solitary confinement wherein non-voluntary confinement that lasted for longer than 10 days failed to result in negative psychological effects." *Id*. (quoting *Williams v. Sec'y Pa. Dep't of Corr.*, 848 F.3d 549, 566 (3d Cir. 2017)).

Plaintiff began writing grievances and kites about being in segregation starting on July 23, 2021. However, he received the process he was due for the first twenty days of segregation by the hearing process, and the ALJ's findings are entitled to preclusive effect. *Maben v. Thelen*, 887 F.3d 252, 259 (6th Cir. 2018) (citing *Peterson v. Johnson*, 714 F.3d 905, 911–13 (6th Cir. 2013)). Accordingly,

7

the Court will presume twenty days in segregation for two misconduct tickets on which he was found guilty were properly imposed.

However, it is not clear from Plaintiff's complaint why he was held beyond the disciplinary time that was imposed, nor who he believes to be responsible for the time in segregation exceeding the twenty days of discipline. Further, Plaintiff's complaint establishes the existence of potential mental health issues, where he was restrained and placed on observation status because he threatened to harm himself. (*See* ECF No. 1-1, PageID.14-15.)

Again, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" *Ashcroft*, 556 U.S. at 678, and must allege personal involvement by a defendant "in the alleged deprivation of federal rights." *Frazier*, 41 F. App'x at 764. Because Plaintiff has failed to name any defendant "liable for the misconduct alleged," he has failed to state a claim. This claim will be dismissed, but without prejudice to Plaintiff's filing a complaint properly naming defendant(s) responsible for the unexplained eighty-day extension to Plaintiff's time in administrative segregation.

### B. Defendant Adams

Following the dismissal of three other defendants (*see* ECF No. 3), Sgt. Adams is the sole remaining defendant. Adams was the reviewing officer on four misconduct tickets that Plaintiff received on or around July 14, 2021. Two hearing

8

officers, one an administrative law judge, agreed with Plaintiff that Adams violated his due process rights when he failed to inform Plaintiff of pending misconduct charges against him. (ECF No. 1, PageID.9-12.) As a result, Plaintiff has stated a claim upon which relief may be granted against Defendant Adams, and the case may proceed against him.

The Court notes that Plaintiff has not named Defendant Adams as responsible for his claim of being held for an excessive time in segregation. Nor do his allegations establish any connection between Adams and the segregation complaint. Accordingly, the only claim against Adams that survives screening is the due process violation associated with the misconduct tickets.

### IV. Conclusion

For the reasons stated above, it is **ORDERED** that Plaintiff's claims of an extended stay in segregation without due process are **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing a complaint on these claims naming the defendant(s) responsible.

The complaint may proceed against Defendant Adams.

**SO ORDERED**.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated:  June 9, 2022