UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES L. BLAYLOCK,

    Plaintiff,

v.

BECKY CARL, DYER, JACOBS,
S. SALINAS, and J. GARCIA,

    Defendants.
_____/

Case No. 2:22-cv-10831
District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 34)

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff James Blaylock (Blaylock) is suing defendants claiming violations of due process and cruel and unusual punishment based on his detention in segregation for over 80 days. *See* ECF No. 6. All pretrial matters have been referred to the undersigned. (ECF No. 16). Before the Court is Blaylock's motion for reconsideration of the Court's order denying his motion to amend the complaint. (ECF No. 34). For the reasons that follow, the motion will be DENIED.

### II. Motions for Reconsideration

Motions for reconsideration are governed by Local Rule 7.1(h). That rule provides in relevant part:

> (h) Motions for Rehearing or Reconsideration.
>
> ...
>
> (2) Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
>> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>>
>> (B) An intervening change in controlling law warrants a different outcome; or
>>
>> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).

### III. Discussion

Blaylock's motion sounds under Local Rule 7.1(h)(2)(A). He says that the Court erred in denying his second motion to amend the complaint, in which he sought to re-add[1] Sergeant Adams (Adams) to the complaint in Adams' individual

---

[1] As noted in the Court's prior order, Adams was named in his official capacity in Blaylock's original complaint, (ECF No. 1), but was removed as a defendant in Blaylock's first amended complaint, (ECF No. 12). (ECF No. 31, PageID.111).

capacity. Blaylock also sought to add the Michigan Department of Corrections to the complaint, which was denied as futile. (ECF No. 31). He does not appear to argue this point on reconsideration.

Specifically, Blaylock says that his first amended complaint "was not to be taken as an amended complaint." (ECF No. 34, PageID.243). He was "under the impression that these complaints [were] separate not [that] Sgt. Adams was taken off the complaint." (*Id.*). He further says that "nowhere in that complaint it states that I'm amending the original complaint." (*Id.*). However, the first amended complaint was titled "Amended Complaint for Violation of Civil Rights." (ECF No. 12, PageID.33). The word "Amended" was handwritten before the printed title. Therefore, the undersigned did not err in considering it to be an amended complaint.

As the Court previously explained,

> There [was] no indication that Blaylock intended the complaint to be supplemental under Fed. R. Civ. P. 15(d), nor did Blaylock move to file a supplemental pleading as required under that Rule. When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward. *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citing *In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir. 2000)).

(ECF No. 31, PageID.113 n.3).

Similarly, Blaylock cannot file a second complaint and have one case that is governed by two complaints. Further, as the Court stated in its prior order,

"Blaylock's [second] motion to amend was filed less than a month before the close of discovery, essentially guaranteeing that the motion would not be ruled on before the close of discovery and with little time before the deadline for dispositive motions to be filed." (ECF No. 31, PageID.113-114 (footnote omitted)). "This constitutes undue delay which goes against allowing amendment at this late stage." (*Id*., PageID.114). Blaylock has not said why the Court's finding of undue delay should be reconsidered. Therefore, his motion for reconsideration is denied.

IV. Conclusion

For the reasons stated above, Blaylock's motion for reconsideration (ECF No. 34), is DENIED. The first amended complaint, ECF No. 12, continues to be the governing complaint.

SO ORDERED.

Dated: November 2, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 2, 2023.

s/Carolyn Ciesla  
CAROLYN CIESLA  
Case Manager