UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES BLAYLOCK #895020, | |
| Plaintiff, | NO. 2:22-cv-10831 |
| v | HON. SEAN F. COX |
| BECKY CARL *Warden;* DYER *ADW;* JACOBS *ARUS;* J. S. SALINAS *Lieutenant;* and GARCIA *Captain,* | MAGISTRATE JUDGE KIMBERLY G. ALTMAN |
| Defendants. | |

| | |
|---|---|
| Solomon Radner (P73653) | LeAnne Dao (P79247) |
| Attorney for Plaintiff | Assistant Attorney General |
| The Law Office of Keith Altman | Attorney for MDOC Defendants |
| 33228 West 12 Mile Road, Ste. 375 | Michigan Dept. of Attorney General |
| Farmington Hills, MI 48334 | Corrections Division |
| solomonradner@kaltmanlaw.com | P.O. Box 30217 |
| | Lansing, MI 48909 |
| | (517) 335-3055 |
| | Daol1@michigan.gov |

**MDOC DEFENDANTS' TRIAL BRIEF**

**I.   Introduction**

Plaintiff, James Blaylock, is a prisoner who is currently incarcerated with the Michigan Department of Corrections (MDOC). Blaylock originally filed his lawsuit under 42 U.S.C. § 1983 as a *pro se* litigant on April 19, 2022.  (ECF No. 1.)   In his amended complaint,

Blaylock named five Defendants, alleging violations of the United States Constitution. (ECF No. 12.) At the time giving rise to the allegations in his complaint, Blaylock was incarcerated at the St. Louis Correctional Facility (SLF) in St. Louis, Michigan. (*Id.*, PageID.34.) The only remaining Defendants are former Warden Becky Carl, and former Assistant Deputy Warden Andrew Dyer, both now retired. (ECF No. 49, PageID.364.) Blaylock's remaining claims against Defendants are Fourteenth Amendment Due Process claims arising out of Blaylock remaining in segregation past his initial 20-day sanction. (ECF No. 46, PageID.354.)

Blaylock alleges that he was denied due process when he remained in segregation following a 20-day sanction he received following misconduct hearings for an incident that occurred on July 14, 2021. (*See, generally*, ECF No. 12.) On July 14, 2021, Blaylock, while exiting the Housing Unit 3 Small Yard, threatened a Corrections Officer (CO), Agbor, along with being combative with other staff. (ECF No. 33-2, PageID.190-91.) Blaylock was given four misconduct tickets as a result of the events on July 14, 2021: two Assault and Battery (Staff Victim), one Threatening Behavior, and one Disobeying a Direct Order. (*Id.*, PageID.190-195.)

2

On July 22, 2021, Blaylock was heard on two of his four misconduct tickets: one Assault and Battery (Staff Victim) and Threatening Behavior. (*Id.*, PageID.190-91.) At the Class I hearing, Blaylock claimed he was denied due process because SGT Adams did not review the misconducts with him. (*Id.*) The hearing officer rejected Blaylock's argument, found him guilty of both Class I misconducts, and gave Blaylock a sanction of 20 days of segregation, and 30 days loss of privileges. (*Id.*)

On July 23, 2021, Blaylock was heard on the remaining misconduct tickets. (ECF No. 12, PageID.50-53.) Blaylock, again, alleged he was deprived of due process because SGT Adams did not review the misconduct tickets with him. (*Id.*) Due to the possible due process issues, the remaining tickets, one Assault and Battery (Staff Victim) and one Disobeying a Direct Order, were dismissed. (*Id.*)

As a result of the guilty finding on the two Class I misconduct tickets, the SLF Security Classification Committee (SCC) reclassified Blaylock to administrative segregation on August 11, 2021. (ECF No. 33-2, PageID.197.) Thereafter, Blaylock received monthly behavior reviews and evaluations on August 18, September 8, October 6, and November 3, 2021. (*Id.*, PageID.216-219.) At his November 3, 2021,

3

review, the SCC determined Blaylock was able to return to general population. (*Id.*, PageID.216.)

Defendants did not deny Blaylock due process during the time he spent in segregation following his 20-day sanction, as Blaylock's continued time in segregation was not punitive. Thus, it was not an "atypical and significant" hardship implicating a protected liberty interest. Further, Blaylock was reviewed following his 20-day sanction, and on a monthly basis until there was a determination that he could return to general population, both for the safety of Blaylock and other inmates and staff within the facility.

## II. Issues of Law

To set forth a Fourteenth Amendment Due Process claim, a plaintiff must establish that they suffered an atypical and significant hardship in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). As a general rule, administrative segregation does not "involve an 'atypical and significant' hardship implicating a protected liberty interest." *Jones v. Baker*, 155 F3d. 810, 812 (6th Cir. 1998). "[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators." *Rhodes v. Chapman,* 452 U.S. 337,

4

349 n.14 (1981). "Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

The Sixth Circuit has ruled that in certain situations, extended confinement in segregation can give rise to a liberty interest, such as for eight years in *Harris v. Caruso*, 465 Fed. Appx. 481, 484 (6th Cir. 2012), and for thirteen (13) years in *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013). In these cases, the Sixth Circuit cited *Hewitt v. Helms*, 459 U.S. 460, 477 n. 9 (1983), saying that prison officials must engage in some sort of periodic review while an inmate is confined in segregation, and the officials' decision to continue the confinement must be supported by "some evidence." Applying this standard in *Harris*, the Sixth Circuit found that the monthly reviews given to Harris constituted "meaningful, periodic reviews during the relevant portions of his confinement." *Harris*, 465 Fed. Appx. at 484. Harris challenged the validity of two reviews in which the Housing Unit Staff recommended that he be reclassified to general population, but the SCC recommended continued segregation. *Id*. The Sixth Circuit held that,

5

while ideally, the "reviews would have set forth the precise rationale for the Committee's rejection of the Housing Unit Staff's recommendation," such did "not make the reviews constitutionally deficient." *Id.*

As to the remaining Defendants, Blaylock is not alleging lack of due process as to the Class I misconducts or the hearing process. Further, Blaylock does not deny having originally received four misconduct tickets on July 14, 2021. Blaylock is claiming lack of due process as to his time spent in administrative segregation following his initial 20-day sanction. However, that additional time was not punitive, and as stated in *Jones*, administrative segregation generally does not implicate a protected liberty interest triggering Blaylock's right to due process. *Jones*, 155 F3d. at 812.

Here, Blaylock's classification to administrative segregation was evaluated following his initial sanction, and then on a monthly basis thereafter. Thus, the Defendants performed periodic reviews, as required by controlling precedent in the Sixth Circuit, of Blaylock's assignment to Administrative Segregation. The only thing Plaintiff can prove, is that he has a different opinion than the MDOC staff regarding how long he should have been classified to administrative segregation. Such disagreement does not establish a constitutional violation.

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Thus, even if Defendants' discretionary decision did violate Plaintiff's rights, they "would be entitled to qualified immunity [as long as the] decision was reasonable, even if mistaken." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991). Blaylock will not be able to establish that the decision or Defendants' actions were unreasonable.

### III. Issues of Fact.

Defendants will offer oral and evidentiary testimony that will contradict Plaintiff's claims that he was denied due process. Defendants will also explain that administrative segregation was not punitive, and the factors considered during Blaylock's segregation reviews.

## CONCLUSION AND RELIEF REQUESTED

The evidence will show that neither Defendant Carl nor Dyer violated Blaylock's rights. Defendants anticipate that they will raise a Rule 50 motion at trial and move for this case to be dismissed for failure to establish a claim of liability against Defendants Carl and Dyer.

Respectfully submitted,

*/s/LeAnne Dao*
LeAnne Dao (P79247)
Assistant Attorney General
Michigan Dept. of Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055
DaoL1@michigan.gov

Date:  January 10, 2025

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on January 10, 2025, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ LeAnne Dao*
LeAnne Dao (P79247)
Assistant Attorney General
Attorney for MDOC Defendants

8