UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES L BLAYLOCK,

    Plaintiff,                                              Case No. 22-cv-10831

v.

                                                               Hon. Sean F. Cox
ADAMS et al.,                                                   United States District Court Judge

    Defendants.
_____/

**MEMORANDUM OPINION & ORDER**
**DENYING DEFENDANTS' MOTION FOR CONTINUANCE**
**OF THE APRIL 8, 2025 TRIAL DATE (ECF No. 81)**

    The defendants in this prisoner civil-rights action filed a last-minute motion to adjourn on the eve of trial without adequate support. For the following reasons, the Court shall deny that motion.

    This action was initially filed in the Western District of Michigan in March 2022 and transferred to this Court in April 2022. Plaintiff James Blaylock filed the operative (amended) complaint in October 2022, and that pleading names six individuals as defendants. The Court resolved Plaintiff's claims against four of the defendants in March 2024, but Plaintiff's claims against Defendant Becky Carl and Andrew Dyer survived summary judgment.

    The final pretrial conference was held on May 7, 2024. Following that conference, the Court set a trial date of February 4, 2025. In October 2024, the Court moved the start of trial back by one day to February 5, 2025. Then, in December 2024, Defendants moved to adjourn trial because their counsel had a scheduling conflict. The Court granted that motion and adjourned trial without date pending a status conference.

The Court held a status conference on February 18, 2025, where counsel for both parties appeared. The Court asked, "And this morning, we selected April 8th as a date certain trial date, correct?" Defendants' counsel responded, "Correct, Judge." The Court continued, "The case is going to go then. Everyone understand?" Defendants' counsel responded, "Yes, Judge." The Court concluded, "Anything else for today?" Defendant's counsel stated, "None from defendant." The Court accordingly set a trial date of April 8, 2025.

Now, Defendants again move to adjourn trial, this time because Carl has a medical issue that is allegedly affecting her ability to drive and be present for the duration of trial. In support of their motion, Defendants offer a signed statement from a nurse practitioner that opines, "Carl should not be under a stressful situation at this time until she is medically stable." Defendants also offer medical records showing that Carl has chronic hypertension and acute sinusitis. Defendants conclude that trial should be adjourned because Carl would be unable to assist in her own defense at trial.

Per the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). And the Local Rules state that "[c]ounsel or any party without counsel shall be prepared and present themselves as ready in all cases set for trial or for pretrial on the date set unless, on timely application and good cause shown, the cases are continued." E.D. Mich. L.R. 40.2. The Local Rules continue, "Where application is made for the continuance of the trial of a case, such application shall be made to the Court as soon as the need arises." *Id.*

Defendants fail to show good cause to adjourn trial. This is not a criminal case, and due process does not require that civil defendants such as Carl be able to assist in their own defense at trial. Adjourning trial also seems unlikely to reduce the risk that the stress of trial will

exacerbate Carl's hypertension, and Carl's medical records do not suggest that her sinus infection precludes her from coming to court. And any prejudice Carl might suffer because of her absence from trial would be cured by a jury instruction explaining that she has a medical issue. Accordingly, **IT IS ORDERED** that Defendants' motion (ECF No. 81) is **DENIED**. There are other options available to Defendants, such as taking Carl's trial deposition.[1]

    **IT IS SO ORDERED.**

April 4, 2025　　　　　　　　　　　　　　　　　　　　s/Sean F. Cox
                                                                             Sean F. Cox
                                                                            U. S. District Judge

---

[1] Defendants do not discuss whether Carl can come to court to testify. The Court accordingly expresses no opinion on whether Carl's medical condition constitutes good cause to permit her to testify at trial by contemporaneous transmission from a different location. *See* Fed. R. Civ. P. 43(a).