UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES BLAYLOCK #895020,<br><br>　　Plaintiff,<br>v<br><br>BECKY CARL *Warden;* DYER *ADW;* JACOBS *ARUS;* J. S. SALINAS *Lieutenant;* and GARCIA *Captain,*<br><br>　　Defendants. | NO. 2:22-cv-10831<br><br>HON. MARK A. GOLDSMITH<br><br>MAGISTRATE JUDGE KIMBERLY G. ALTMAN |
| Solomon Radner<br>Attorney for Plaintiff<br>The Law Office of Keith Altman<br>33228 West 12 Mile Road, Ste. 375<br>Farmington Hills, MI 48334<br>solomonradner@kaltmanlaw.com | LeAnne Dao (P79247)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>Michigan Dept. of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>daol1@michigan.gov |

**DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S *PRO SE* MOTION FOR RELIEF SOUGHT IN COMPLAINT AND ATTORNEY FEES (ECF NO. 106)**

Acting *pro se*, Plaintiff, James Blaylock, filed Plaintiff's "Motion To Amend Request For Relief Sought For In Complaint and Request For Prevailing Party To Be Awarded Attorney Fees." Plaintiff's motion should be denied because Plaintiff is represented by counsel and not

entitled to hybrid representation. Further, 42 U.S.C. § 1997 requires Plaintiff to cover a portion of his attorney fees.

I. **Plaintiff is represented by counsel and his *pro se* motion should be denied.**

Plaintiff proceeded *pro se* in originally filing his complaint (ECF No. 1), and through discovery and dispositive motions. Following dispositive motion practice, Plaintiff requested the Court appoint an attorney to represent him. (ECF No. 61, PageID.393.) The Court approved Plaintiff's request and issued an order appointing counsel for Plaintiff on September 10, 2024. (ECF No. 63, PageID.397.) Now, after trial, Plaintiff has filed a motion to amend relief and waive payment of attorney fees. (ECF No. 106, PageID.774-775.) However, as this Court has stated in prior orders (ECF No. 80), Plaintiff is represented by counsel and does not have the right to proceed *pro se* and through counsel simultaneously. (ECF No. 80, PageID.489-490) (quoting *Brasier v. Jeary*, 256 F.2d 474, 478 (8th Cir. 1958) (concluding litigant in civil action "has no constitutional or other right to conduct his own case *pro se* and have the aid of counsel to speak and argue for him at the same time."); *Chasteen v. Jackson*, 2012 WL 1564493, at *3 (S.D.

Ohio May 3, 2012) ("Plaintiff is not entitled to hybrid representation, and the Sixth Circuit and other courts in this circuit routinely strike and/or refuse to consider *pro se* pleadings filed by represented parties") (collecting cases); *Jones v. Bradshaw*, 326 F.Supp.2d 857. 857-58 (N.D. Ohio 2004). As, again, Plaintiff attempts to proceed in a hybrid manner, his *pro se* motion should be denied.

II. **The Plaintiff is required to contribute the first 25% of his jury award, unless a lower contribution amount would cover the entire fee claimed by his attorney. Since the defendants are only required to cover the amount over 25%, the Plaintiff's request that the Court waive his attorney fees, is contrary to the law.**

In his motion, Plaintiff requests that his attorney fees be waived, and that Defendants pay the attorney fees of 33%. (ECF No. 106, PageID.774-775.) However, Plaintiff's request is contrary to statute. The cost-shifting portion of the statute has been a source of much confusion for litigating parties and courts throughout the years. The general consensus agrees that the statute provides little direction on how to apportion attorney fee responsibility between the parties. In relevant part, that statute sets forth:

3

> (1) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) *shall be applied to satisfy* the amount of attorney's fees awarded against the defendant. *If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.*

42 U.S.C. § 1997e(2) (emphasis added)

While the first part of the statute may seem to confer discretion on the court to determine a percentage contribution by the Plaintiff, somewhere between 1–25 percent, that is not actually the case. The Plaintiff is responsible to satisfy his own attorney fees up to the 25 percent cap. The second portion of this provision provides the qualifier; "[i]f the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant." *Id.* The defendants only contribute what is necessary above 25 percent to ultimately satisfy the Plaintiff's entire attorney fee within other limits set by the PLRA. *Murphy v. Smith*, 138 S. Ct. 784 (2018).

In *Murphy*, the Supreme Court had the opportunity to clear up any confusion that may have existed regarding how much the Plaintiff is required to contribute to his attorney fees from any award. The district court held that the statute allowed for discretion when

4

designating contributions to the attorney award and ordered the inmate to contribute ten percent of the award with the defendants paying 15 percent of the award. *Id*. at 787. Both the Seventh Circuit and the Supreme Court disagreed with the district court's analysis. "The statute neither uses discretionary language nor provides any guidance for such discretion." *Murphy v. Smith*, 844 F.3d 653, 660 (7th Cir. 2016). Turning to the statutory language, the Supreme Court very methodically pulled apart the construction and explained that the mandatory instruction using the word *shall*, followed by the intended purpose, to *satisfy* the attorney fees, with the knowledge that the word satisfy means to fully discharge, means that "the court (1) must apply judgment funds toward the fee award (2) with the purpose of (3) fully discharging the fee award. And to meet that duty, a district court must apply as much of the judgment as necessary to satisfy the fee award, without of course exceeding the 25% cap." *Murphy*, 138 S. Ct. at 787.

*Murphy* attempted to argue that the court should be able to apportion the contribution based on culpability of the defendants. *Id*. at 790. But that theory cannot be read into the statute. *Id*. "If Congress had wished to afford the judge more discretion in this area, it could

5

have easily substituted 'may' for 'shall.' And if Congress had wished to prescribe a different purpose for the judge to pursue, it could have easily replaced the infinitival phrase 'to satisfy . . .' with 'to reduce . . .' or 'against . . .' But Congress didn't choose those other words." *Murphy*, 138 S. Ct. at 787–88. *See also Walker v. Bain*, 257 F.3d 660, 667 (6th Cir. 2001), *cert. denied*, 535 U.S. 1095, 122 S. Ct. 2291 (2002) (holding § 1997e(d)(2) requires 25 percent of fee award to be paid from plaintiff's recovery); *Johnson v. Daley*, 339 F.3d 582, 585 (7th Cir. 2003) (holding attorneys' compensation comes first from the damages, as in ordinary tort litigation, and only if 25% of the award is inadequate to compensate counsel fully may defendant be ordered to pay more.); *Spruytte v. Hoffner*, 197 F. Supp.2d 931, 934 (W.D. Mich. 2001) (reducing damages by 25 percent); *Riley v. Kurtz*, 361 F.3d 906, 911 (6th Cir. 2004) (holding subsection (2) of this portion of the PLRA has been interpreted to mean that an attorney's compensation comes first from the damages (up to 25 percent), and then, if inadequate, the defendant is liable for attorney's fees under § 1988 up to 150 percent of the money judgment.); *Jackson v. Austin*, 267 F. Supp. 2d 1059, 1071–72 (D. Kan. 2003) (holding plaintiff is responsible for his own attorney fees, up to 25 percent.)

Consequently, Plaintiff must contribute the first 25 percent of the jury award toward attorney fees before the defendants are required to contribute to any excess fees, up to 150 percent of the damage award as the cap set by the PLRA. Thus, Plaintiff's attorney fees cannot be waived, and Plaintiff is required to pay the first 25% per statute.

## CONCLUSION AND RELIEF REQUESTED

Wherefore, for the foregoing reasons, Defendants respectfully request that Plaintiff's motion to amend his request for relief and request for waiver of attorney fees be denied.

Respectfully submitted,

*/s/ LeAnne Dao*
LeAnne Dao (P79247)
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI  48909

Date: August 20, 2025        daol1@michigan.gov

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on August 20, 2025, I electronically filed the foregoing document using the ECF System, which will provide electronic copies to parties of record.

*/s/ LeAnne Dao*
LeAnne Dao (P79247)
Assistant Attorney General
Attorney for MDOC Defendants